IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS McFADDEN,

    Petitioner,                              No. Misc. S-04-0371 WBS GGH

    vs.

UNITED STATES,[1]

    Respondent.                          FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is proceeding pro se with a petition to quash a third party summons issued by the Internal Revenue Service ("IRS"). On December 22, 2004, this court directed the Clerk to serve the petition to quash on the United States Attorney. The United States filed a motion to dismiss on February 1, 2005. On February 28 and March 3, 2005, petitioner filed oppositions.[2] Having reviewed the filings, the court now issues the following findings and recommendations.

---

[1] Petitioner named Revenue Agent LaVonne Tobia and Group Manager Jill Page as in his petition; however, the government correctly points out that the sole proper defendant is the United States. Rodio v. Commissioner of the Internal Revenue Service, 138 F.R.D. 341 n. 1 (D.R.I. 1991). The caption has accordingly been changed to reflect the substitution.

[2] On March 1, 2005, the court took the matter under submission without a hearing, having determined that it was unnecessary.

1    The government's motion to dismiss raises the following issues: failure to effect
2 proper service on the United States, lack of subject matter jurisdiction, and that the government
3 has established a prima facie case to deny the petition under Powell.
4 DISCUSSION
5    I. Proper Service on the United States
6    The government contends that Fed. R. Civ. P. 4(i) requires service on the United
7 States Attorney for the applicable district and on the United States Attorney General, and that
8 plaintiff did not effect proper service. The government is incorrect in this case.
9    As a preliminary matter, the Federal Rules of Civil Procedure apply to
10 enforcement proceedings involving the Internal Revenue Service, *except as otherwise provided*
11 *by* statute, rules of the district court *or court order in the proceedings*. Fed. R. Civ. P. 81(a)(3)
12 (emphasis added). United States v. Powell, 379 U.S. 48, 57, 85 S. Ct. 248, 255 (n. 18) (1964);
13 Martin v. Chandis Securities Co., 128 F.2d 731, 734 (9th Cir.1942); United States v. Church of
14 Scientology of California, 520 F.2d 818, 821 (9th Cir. 1975). Fed. R. Civ. P. 81 is just as much a
15 federal rule of civil procedure as Rule 4, 5, 6 and so forth. The court in this case invoked the
16 authority of Rule 81 to except from the Federal Rules this "proceeding to compel the giving of
17 testimony or production of documents in accordance with a subpoena issued by an officer or
18 agency of the United States," insofar as service of the petition was concerned, i.e., as authorized,
19 the court order of December 22, 2004, dispensed with the specific requirements of Rule 4. While
20 Rule 4 would apply in a situation where a court order to the contrary had not issued, the
21 government cannot contend, given the plain wording of Rule 81, that the court ordered service
22 was insufficient.
23    II. Subject Matter Jurisdiction
24    The government contends that petitioner did not timely file his petition within
25 twenty days pursuant to 26 U.S.C. § 7609(b)(2)(A), and Heritage Bank does not reside nor is
26 found in this district, as required by § 7609(h)(1).

2

In regard to the timeliness of the filing of the petition, § 7609(b)(2)(A) provides that petitioner had twenty days from the date notice was sent, or until November 4, 2004, to bring the instant action. See Stringer v. United States, 776 F.2d 274, 275 (11th Cir. 1985) (petition to quash service summons not timely where it was not filed until more than 20 days after date on which notice was sent by certified mail); accord Grisham v. U.S., 578 F. Supp. 73 (D.C.N.Y. 1983); Riggs v. U.S., 575 F. Supp. 738 (D.C.Ill. 1983). See also Callahan v. Schultz, 783 F.2d 1543 (11th Cir. 1986) (noting that Government's consent to suit on Internal Revenue Service summons requires strict compliance with 26 U.S.C.A. § 7609(b)(2)).

It is undisputed that the petition in this case was not filed until November 17, 2004, more than twenty days following the date of notice that the summonses had been served. Notice was served on petitioner by certified mail on October 15, 2004. (See Tobia Decl., ¶ 4; Exhs. A, B.)

The United States argues that the twenty-day time limit is jurisdictional, citing Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985). Accordingly, the United States requests the court to dismiss these related cases for lack of subject matter jurisdiction. In Ponsford, the Ninth Circuit held that "the twenty-day limit must be strictly construed because it is a condition precedent to the waiver of sovereign immunity," and stated that the limitations period was "jurisdictional." However, Irwin v. Dept. of Veteran's Affairs, 498 U.S. 89, 111 S. Ct. 453 (1990) has abrogated cases, including Ponsford, holding that limitations periods, such as the one here, are "jurisdictional." Ninth Circuit opinions, issued after Irwin, have recognized that limitations periods for suing the federal government are not strictly jurisdictional. See Cedars-Sinai Medical Center v. Shalala, 125 F.3d 765, (9th Cir. 1997); Fadem v. United States, 52 F.3d 202, 206 (9th Cir.1995), vacated, 520 U.S. 1101, 117 S. Ct. 1103, 137 L.Ed.2d 306 (1997), reinstated, 113 F.3d 167, 168 (9th Cir.1997) (earlier statements that statutes of limitations are jurisdictional in nature "have no continuing validity after the Court's decision in Irwin"); Washington v. Garrett, 10 F.3d 1421, 1437 (9th Cir.1993) ("[i]n [ Irwin ], the Supreme

1  Court held that federal statutory time limitations on suits against the government are not
2  jurisdictional in nature"); Johnson v. Shalala, 2 F.3d 918, 923 (9th Cir.1993).  Without an
3  explicit Congressional statement that the limitations period of § 7609(b)(2) is jurisdictional, this
4  court cannot find that the failure to timely file the petitions to quash is a jurisdictional defect.
5  See Cedars-Sinai Medical Center, 125 F.3d at 770.
6         Nevertheless, in the absence of any facts to demonstrate that the late filing in the
7  instant case is anything more than garden variety neglect, Irwin, 498 U.S. at 96, or simple lack of
8  diligence in preserving legal rights, Carpenter v. Department of Transportation, 13 F.3d 313, 317
9  (9th Cir. 1994) the court cannot find any special circumstances that could possibly warrant
10 equitable tolling of the limitations period.  Rather, it appears that plaintiff has failed to exercise
11 due diligence in preserving his legal rights.
12         Moreover, the court finds that Heritage Bank does not reside nor can it be found
13 in this district.  26 U.S.C. § 7609(h)(1) provides in part that "[t]he United States district court for
14 the district within which the person to be summoned resides or is found shall have jurisdiction to
15 hear and determine any proceeding brought" to quash an IRS summons.  See Fortney v. U.S., 59
16 F.3d 117, 119 (9th Cir. 1995).  In this case, the party summoned, Heritage Bank, has offices only
17 in Nevada. (See Tobia Decl., ¶ 10.)   It has no offices in California.  Therefore, this court lacks
18 jurisdiction over the petition to quash the IRS summons.
19 CONCLUSION
20         For the reasons set forth herein, IT IS RECOMMENDED that the government's
21 February 1, 2005, motion to dismiss the petition to quash the IRS summons be granted, and this
22 action be dismissed with prejudice.
23         These findings and recommendations are submitted to the United States District
24 Judge assigned to this case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
25 **twenty (20)** days after being served with these findings and recommendations, any party may file
26 written objections with the court and serve a copy on all parties.  Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/25/05

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:076
McFadden0371.qsh.wpd